**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MEXICAN GOVERNMENT BONDS ANTITRUST LITIGATION | Master Docket No. 18-cv-02830 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH BARCLAYS PLC, BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BARCLAYS CAPITAL SECURITIES LIMITED, BARCLAYS BANK MÉXICO, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO BARCLAYS MÉXICO, AND GRUPO FINANCIERO BARCLAYS MÉXICO, S.A. DE C.V., SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS**

Plaintiffs Oklahoma Firefighters Pension & Retirement System, Electrical Workers Pension Fund Local 103, I.B.E.W., Manhattan and Bronx Surface Transit Operating Authority Pension Plan, Metropolitan Transportation Authority Defined Benefit Pension Plan Master Trust, Boston Retirement System, Southeastern Pennsylvania Transportation Authority Pension Plan, United Food and Commercial Workers Union and Participating Food Industry Employer Tri-State Pension Fund, and Government Employees' Retirement System of the Virgin Islands ("Plaintiffs") and the Settlement Class having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendants Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., Barclays Capital Securities Limited, Barclays Bank México, S.A., Institución de Banca Múltiple, Grupo Financiero Barclays México, and Grupo Financiero Barclays México, S.A. de C.V. (collectively, the "Settling Defendants") in accordance with the Stipulation and Agreement of Settlement entered into on March 27, 2020 (the "Settlement Agreement") between Plaintiffs and Settling Defendants; the Court having read and considered the Settlement Agreement and accompanying documents; and Plaintiffs and Settling Defendants (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this _____ Day of _____, 20_____, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1.      Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.      The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331, and that it has personal jurisdiction over Plaintiffs, Settling Defendants (in this Action only and for purposes of this Settlement only), and all members of the Settlement Class.

3.      Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All Persons that entered into a Mexican Government Bond Transaction[1] at any time between at least January 1, 2006, and April 19, 2017 (the "Class Period"), where such persons were either domiciled in the United States or its territories or, if domiciled outside the United States or its territories, transacted in the United States or its territories, provided that if, prior to moving for Final Approval of the Settlement, Plaintiffs expand the Class in any subsequent amended complaint, class motion, or in any other stipulation or settlement agreement Plaintiffs reach with any other Defendant involving this Action, the defined Class in this Settlement Agreement shall be expanded so as to be coterminous with such expansion.  Excluded from the Class are Defendants and their employees, agents, affiliates, parents, subsidiaries and co-conspirators, whether or not named in the Complaint in this Action, and the United States and Mexican governments; provided, however, that Investment Vehicles[2] shall not be excluded from the definition of "Class" or "Settlement Class" solely on the basis of being deemed to be Defendants or affiliates or subsidiaries of Defendants.

4.      Notwithstanding the sentence above that "Investment Vehicles shall not be excluded from the definition of 'Class' or 'Settlement Class,'" under no circumstances may a Defendant (or any of its direct or indirect parents, subsidiaries, affiliates, or divisions) receive a distribution from the Settlement Fund through an Investment Vehicle.

---

[1] "Mexican Government Bond Transaction" means any purchase, sale, or exchange of Mexican Government Bonds, whether in the primary, secondary, or any other market. "Mexican Government Bonds" means any debt securities issued by the United Mexican States that are Mexican Peso-denominated, including, but not limited to, CETES, Bondes D, UDIBONOS, and BONOS.[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, funds of funds and hedge funds; and (ii) employee benefit plans.

[2] "Investment Vehicles" means any investment company, separately managed account or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, funds of funds and hedge funds; and (ii) employee benefit plans.

5.      The Court hereby appoints Lowey Dannenberg, P.C. as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6.      The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

7.      Plaintiffs are hereby appointed as representatives of the Settlement Class.

8.      A hearing will be held on a date of the Court's convenience on or after _____, 20__ at _____ [a.m./p.m.] (approximately 270 days after entry of this Order) in Courtroom 706 of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class, other than that which may be posted at the Court or on the Settlements website at www.MGBAntitrustSettlement.com.

9.      The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

10.     The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

11.     All proceedings in this Action as to Settling Defendants, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

12.     All members of the Settlement Class and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

13.     Within one hundred twenty-six (126) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 4 to the Declaration of Vincent Briganti, Esq., dated June 1, 2020 ("Briganti Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Affidavit of Linda V. Young, dated May 13, 2020.  Briganti Decl. Ex. 3. The foregoing mailings shall be completed no later than one hundred eighty-nine (189) days after the date of the entry of this Order.

14.     Within one hundred twenty-six (126) days after entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from

Exhibit 5 to the Briganti Decl., as described in the proposed notice program attached to the

Affidavit of Linda V. Young.  Briganti Decl. Ex. 3.

15.     The Settlement Administrator shall maintain a Settlements website,

www.MGBAntitrustSettlement.com, beginning no later than the first date of mailing notice to the

Class and remaining until the termination of the administration of the Settlement. The website shall

include copies of the Settlement Agreement (including exhibits), this Order, the mailed and

publication notices, the motion for preliminary approval and all exhibits attached thereto, and the

Distribution Plan, and shall identify important deadlines and provide answers to frequently asked

questions. The website may be amended as appropriate during the course of the administration of

the Settlement. The Settlements website, www.MGBAntitrustSettlement.com, shall be searchable on

the Internet.

16.     The Settlement Administrator shall maintain a toll-free interactive voice response

telephone system containing recorded answers to frequently asked questions, along with an option

permitting callers to speak to live operators or to leave messages in a voicemail box.

17.     The Court approves, in form and substance, the mailed notice, the publication

notice, and the website as described herein. The Class Notice plan specified herein (i) is the best

notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the

Settlement Class of the pendency and status of this Action and of their right to object to or exclude

themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and

sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully

satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process,

and any other applicable rules or laws.

18.     At least forty-nine (49) days prior to the Fairness Hearing, the Settlement

Administrator shall serve and file a sworn statement attesting to compliance with the notice

provisions in paragraphs 13-16 of this Order.

19.     Any member of the Settlement Class and any governmental entity that objects to the

fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for

attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise

wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness

Hearing and present evidence or argument that may be proper and relevant. However, except for

good cause shown, no person other than Class Counsel and the Settling Defendants' counsel shall

be heard and no papers, briefs, pleadings, or other documents submitted by any member of the

Settlement Class or any governmental entity shall be considered by the Court unless, not later than

thirty-five (35) days prior to the Fairness Hearing, the member of the Settlement Class or the

governmental entity files with the Court (and serves the same on or before the date of such filing by

hand or overnight mail on the Class Counsel and counsel of record for the Settling Defendants) a

statement of the objection or motion to intervene, as well as the specific legal and factual reasons for

each objection or motion to intervene, including all support that the objecting member of the

Settlement Class or the governmental entity wishes to bring to the Court's attention and all evidence

the objecting member of the Settlement Class or governmental entity wishes to introduce in support

of his, her, or its objection or motion. Such submission must contain: (1) a heading that refers to this

Action by case name and case number; (2) a statement of the specific legal and factual basis for each

objection or intervention argument, including whether the objection applies only to the objecting

person, a specific subset of the Class or the entire Class; (3) a statement of whether the objecting or

intervening person or entity intends to appear at the Fairness Hearing, either in person or through

counsel and, if through counsel, a statement identifying that counsel by name, address, and

telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the objecting person's membership in the Settlement Class; (5) a description of the Mexican Government Bond Transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type of the transaction, the counterparty (if any), any transaction identification numbers, the rate, and the notional amount of the transaction); and (6) a list of other cases in which the objector or intervenor or counsel for the objector or intervenor has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not members of the Settlement Class and are not entitled to object.

20.    Any objection to the Settlement or motion to intervene submitted by a member of the Settlement Class pursuant to paragraph 19 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative), even if the member of the Settlement Class is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by a member of the Settlement Class or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a member of the Settlement Class's legally authorized representative.

21.    Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

22.    All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

23.     Any member of the Settlement Class or governmental entity that fails to object or move to intervene in the manner described in paragraphs 19-22 of this Order shall be deemed to have waived the right to object (including any right of appeal) or to intervene and shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than nine (9) days before the Fairness Hearing. Class Counsel, the Settling Defendants' counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

24.     Any Request for Exclusion from the Settlement by a member of the Settlement Class must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and postmarked no later than thirty-five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

(a)   the name, address, and telephone number of the member of the Settlement Class;

(b)   a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

(c)   the name of this Action ("*In re Mexican Government Bonds Antitrust Litigation*, No. 18-cv-02830 (JPO) (S.D.N.Y.)");

(d)   a statement certifying such person is a member of the Settlement Class;

(e)   a description of the Mexican Government Bonds Transactions entered into by the member of the Settlement Class that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type of the transaction, the counterparty (if any), any transaction identification numbers, the rate, and the notional amount of the transaction);

(f)   a statement that "I/we hereby request that I/we be excluded from the Settlement Class"; and

8

(g) a statement specifying whether such person is requesting exclusion from the Settlement Class as it relates to this Settlement.

25.     Any Request for Exclusion from the Settlement submitted by a member of the Settlement Class pursuant to paragraph 24 of this Order must be signed by the member of the Settlement Class (or his, her, or its legally authorized representative) and notarized, even if the member of the Settlement Class is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a member of the Settlement Class or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a member of the Settlement Class's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 24 of this Order, complies with this paragraph 25, and is postmarked by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any member of the Settlement Class who submits any Request for Exclusion.

26.     Any member of the Settlement Class who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such member of the Settlement Class never received actual notice of the Action or the proposed Settlement.

27.     The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and the Settling Defendants' counsel as requested.

28.     The Settlement Administrator shall furnish Class Counsel and counsel for the Settling Defendants with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) business day of receipt thereof.

29.     Within ten (10) business days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide counsel for the Settling Defendants and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than five (5) business days after the Exclusion Bar Date. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

30.     All Proofs of Claim and Release shall be submitted by members of the Settlement Class to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than thirty (30) days after the Fairness Hearing.

31.     To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with members of the Settlement Class; (b) effectuating the Class Notice plan, including by running potential members of the Settlement Class's addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from members of the Settlement Class,

including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among members of the Settlement Class; (e) determining the timeliness of each Proof of Claim and Release submitted by members of the Settlement Class, and the adequacy of the supporting documents submitted by members of the Settlement Class; (f) corresponding with members of the Settlement Class regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from members of the Settlement Class; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and counsel for the Settling Defendants; and (j) providing Class Counsel and counsel for the Settling Defendants with copies of any Requests for Exclusion (including all documents submitted with such requests).

32. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund defined in the Settlement Agreement ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

33. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

34. The Court appoints The Huntington National Bank to act as Escrow Agent for the Settlement Fund.

35.    Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for Mexican Government Bonds and the prices of any Mexican Government Bond Transaction; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of the Settling Defendants and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

36.    Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least forty-nine (49) days prior to the Fairness Hearing.

37.    If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

38.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class, other than that which may be posted at the Court or on the Settlements website, www.MGBAntitrustSettlement.com.

39.     In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

40.     If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

41.     The Court's preliminary certification of the Settlement Class and appointment of Plaintiffs as class representatives, as provided herein are without prejudice to, or waiver of, the rights of any non-settling Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

42.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

      Signed this_____day of_____, 20_____, at the Courthouse for the

United States District Court for the Southern District of New York.


                                      _____

                                        The Honorable J. Paul Oetken
                                        United States District Court Judge