UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| IN RE MEXICAN GOVERNMENT BONDS ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | Master Docket No. 18-cv-02830 |

## ORDER AWARDING ATTORNEYS' FEES

This matter came for a duly noticed hearing on October 28, 2021 (the "Fairness Hearing"), upon Plaintiffs' Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses ("Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation and Agreement of Settlement with Defendant Barclays PLC, Barclays Bank PLC, Barclays Capital Inc., Barclays Capital Securities Limited, Barclays Bank México, S.A., Institución de Banca Múltiple, Grupo Financiero Barclays México, and Grupo Financiero Barclays México, S.A. de C.V. (collectively, "Barclays") entered into on March 27, 2020, and the Stipulation and Agreement of Settlement with Defendant JPMorgan Chase & Co., J.P. Morgan Broker-Dealer Holdings Inc., J.P. Morgan Securities LLC, JPMorgan Chase Bank, National Association, Banco J.P. Morgan, S.A. Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, and J.P. Morgan Securities plc (collectively "JPMorgan") also entered into on March 27, 2020 (the "Settlement Agreements")[1] having been given to the Class Members, the Fairness

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreements.

1

Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has personal jurisdiction over all Parties and all Class Members, as well as subject matter jurisdiction over the Action to approve the Settlement Agreements and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Class Members in a reasonable manner, such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Plaintiffs' Lead Counsel is hereby awarded attorneys' fees in the amount of $6,210,000 (30% of the Settlement Fund), plus interest at the same rate as earned by the Settlement Fund, which shall be paid out of the Settlement Fund.

4. Plaintiffs' Lead Counsel is hereby authorized to allocate the attorneys' fees award among Plaintiffs' Counsel in a manner in which, in Plaintiffs' Lead Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

5. In making this award of attorneys' fees, the Court has considered and found that:

    a. The Settlement Agreements with Barclays and JPMorgan (the "Settling Defendants") have created a fund of $20,700,000 in cash that the Settling Defendants have paid into escrow pursuant to the terms of the Stipulations;

    b. Class Members who or which submit valid Proofs of Claim and Release will benefit from Settlements reached because of the efforts of Plaintiffs' Lead Counsel;

    c. Plaintiffs' Lead Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

    d.      The Action involves numerous complex factual and legal issues and was actively litigated;

    e.      Had Plaintiffs' Lead Counsel not achieved the Settlement with Barclays and JPMorgan, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from the Settling Defendants:

    f.      Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

    g.      Notice was disseminated to members of the Settlement Class stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest; and

    h.      The attorneys' fees award is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable percentage of the Settlement Fund, in view of the applicable legal principles and the particular facts and circumstances of the Action.

6.      Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

7.      In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

8. Pursuant to Section 5(D) of the Settlement Agreements, this fee award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlements and is also independent of the Court's consideration of the Distribution Plan.

9. The attorneys' fees awarded herein may be paid to Plaintiffs' Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreements which terms, conditions, and obligations are incorporated herein.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Date: October 28, 2021.

_____
J. PAUL OETKEN
United States District Judge