UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MEXICAN GOVERNMENT BONDS ANTITRUST LITIGATION | Master Docket No. 18-cv-02830 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**FINAL APPROVAL ORDER OF SETTLEMENT
WITH JPMORGAN CHASE & CO., JP MORGAN BROKER-DEALER HOLDINGS
INC., J.P. MORGAN SECURITIES LLC, JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, BANCO J.P. MORGAN, S.A. INSTITUCI*Ó*N DE BANCA M*Ú*LTIPLE,
J.P. MORGAN GRUPO FINANCIERO, AND J.P. MORGAN SECURITIES PLC**

This matter came before the Court for a duly-noticed hearing on October 28, 2021 (the "Fairness Hearing"), upon Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with JPMorgan Chase & Co., J.P. Morgan Broker-Dealer Holdings Inc., J.P. Morgan Securities LLC, JPMorgan Chase Bank, National Association, Banco J.P. Morgan, S.A. Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, and J.P. Morgan Securities plc (collectively, the "Settling Defendants"), which was consented to by Settling Defendants (together with Plaintiffs, the "Parties"). Due and adequate notice of the Settlement Agreement[2] having been given to the members of the Settlement Class, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes only of the settlement of the Released Claims set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's December 16, 2020 Order Preliminarily Approving Proposed Settlement with JPMorgan Chase & Co., J.P. Morgan Broker-Dealer Holdings Inc., J.P. Morgan Securities LLC, JPMorgan Chase Bank, National Association, Banco J.P. Morgan, S.A. Institución de Banca

---

[1] "Plaintiffs" are Oklahoma Firefighters Pension & Retirement System, Electrical Workers Pension Fund Local 103, I.B.E.W., Manhattan and Bronx Surface Transit Operating Authority Pension Plan, Metropolitan Transportation Authority Defined Benefit Pension Plan Master Trust, Boston Retirement System, Southeastern Pennsylvania Transportation Authority Pension Plan, United Food and Commercial Workers Union and Participating Food Industry Employer Tri-State Pension Fund, and Government Employees' Retirement System of the Virgin Islands.

[2] The "Settlement Agreement" is the Stipulation and Agreement of Settlement with Settling Defendants entered into on March 27, 2020.

M*ú*ltiple, J.P. Morgan Grupo Financiero, and J.P. Morgan Securities PLC, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class (the "Preliminary Approval Order"). ECF No.223. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3. In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Settling Defendants' alleged manipulation of the market for Mexican Government Bonds and the prices of Mexican Government Bond Transactions, FED. R. CIV. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of the members of the Settlement Class, FED. R. CIV. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent members of the Settlement Class, all of whose claims arise from the identical factual predicate, and Plaintiffs and Class Counsel have adequately represented the interests of all members of the Settlement Class, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

4. This Court has personal jurisdiction over Plaintiffs, Settling Defendants (in this Action only and for purposes of this Settlement only), and all members of the Settlement Class and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1331.

5. The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Incentive Award; (c) provided a full and fair opportunity to all members of the Settlement Class to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.  Based upon Settling Defendants' submission to the Court dated August 2, 2021, the Court further finds that Settling Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. The Court finds that one member of the Settlement Class ha validly requested to be excluded from the Settlement Class as it relates to the Settlement. This excluded members of the Settlement Class are identified at ECF No. 268-1

7. The Court finds that no objections to the proposed Settlement have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

8. It is hereby determined that Plaintiffs and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order, and the Action and the Released Claims

3

against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats class members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Plaintiffs or Settling Defendants, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Plaintiffs' claims shall be null and void with respect to such Settlement; Plaintiffs' claims shall be reinstated; Settling Defendants' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated

and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11. The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund (except for such disputes and controversies as are subject to Section 36 of the Settlement Agreement, which disputes and controversies shall be governed by the respective terms of such section), to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order, and to consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of this Final Approval Order, Plaintiffs, Settling Defendants, and the Settlement Class

hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement Agreement.  Any disputes involving Plaintiffs, Settling Defendants, or members of the Settlement Class concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13. Each member of the Settlement Class must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the member of the Settlement Class's share(s), if any, of the Net Settlement Fund defined in the Settlement Agreement.  The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to members of the Settlement Class contains a copy of such release and covenant not to sue.  However, each member of the Settlement Class's claims shall be released pursuant to Section 12 of the Settlement Agreement, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14. The Court hereby approves the Releasing Parties'[3] releases of the Released Claims[4] against the Released Parties[5] as set forth in the Settlement Agreement and this Final Approval Order and, upon the Effective Date, the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.[6]

---

[3] "Releasing Parties" means, individually and collectively, Plaintiffs and each Settling Class Member, on behalf of themselves and any of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, principals, members, participants, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, and the heirs, executors, administrators, purchasers, predecessors, successors, and assigns of each of the foregoing, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund.

[4] "Released Claims" means any and all manner of claims, rights, demands, obligations, damages, actions or causes of action, cross-claims, counterclaims, judgments, suits, obligations, debts, setoffs, rights of recovery, charges or liabilities of any kind whatsoever (however denominated), of every nature and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether class, derivative or individual, whether fixed or contingent, in law or in equity, whether arising under federal, state, common, statutory or foreign law or regulation (including FED. R. CIV. P. 11), whether directly, representatively, derivatively, or in any other capacity, which any member of the Settlement Class ever had, now have, or hereafter can, shall, or may have that arise out of or relate in any way to the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action, including, but not limited to, any claims arising from or related to (a) any purported conspiracy, collusion, racketeering activity, or other improper conduct related to Mexican Government Bonds or Mexican Government Bond Transactions, (b) any alleged manipulation of the prices of Mexican Government Bonds or Mexican Government Bond Transactions, or (c) the sharing or exchange of customer information or confidential information, including, but not limited to, customer identity, trading patterns, net positions, or orders with respect to Mexican Government Bonds or Mexican Government Bond Transactions. For the avoidance of doubt, Released Claims do not include claims relating to enforcement of the Settlement and do not include claims arising under foreign law based solely on transactions executed entirely outside of the United States by members of the Settlement Class domiciled outside the United States.

[5] "Released Parties" or "Released Party" means Settling Defendants and each of their respective past and present direct and indirect corporate parents (including holding companies), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, and successors, and each of their respective past or present officers, directors, partners, members, managers, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns of each of the foregoing.

[6] Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

15. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of Plaintiffs and each Settling Class Member, on behalf of themselves and any of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, principals, members, participants, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, and the heirs, executors, administrators, purchasers, predecessors, successors, and assigns of each of the foregoing, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund, regardless of whether the Settling Class Member previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Settling Class Member never received actual notice of the Action or this proposed Settlement.

16. The Court permanently bars and enjoins Plaintiffs and all Settling Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Settling Defendants or any of the Released Parties based on the Released

---

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Settling Defendants or any of the Released Parties based on the Released Claims; or (c) organizing members of the Settlement Class into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Settling Defendants or any of the Released Parties based on the Released Claims.

17. The Court permanently bars and enjoins claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise. To the extent permitted by law, the Court permanently bars and enjoins claims by Settling Defendants and any Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise against (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named as a party in the Action; or (c) any other Person subsequently added or joined as a party in the Action. Should any court determine that any Defendant is/was legally entitled to any kind of set-off, apportionment, contribution, indemnification, or similar claims from Settling Defendants arising out of or related to Released Claims, any money judgment subsequently obtained by the Releasing Parties against any Defendant shall be reduced to an amount such that, upon paying the entire amount, the Defendant

would have no claim for set-off, apportionment, contribution, indemnification, or similar claims against Settling Defendants.

18. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for Mexican Government Bonds and the prices of Mexican Government Bond Transactions; or (e) the propriety of certification of a class other than solely for purposes of the Settlement.  Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Settling Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not apply to discovery or cooperation materials provided by Settling Defendants to Plaintiffs or by Plaintiffs to Settling Defendants in connection with the Settlement or the Action. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the

Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

19. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by members of the Settlement Class in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a member of the Settlement Class's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20. The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Section 23 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

21. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

22. The Court's certification of the Settlement Class and appointment of Plaintiffs as Class representatives, as provided herein, is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Final Approval Order shall have no effect on the Court's ruling on any motion to certify any class or to appoint Class representatives in the Action or any challenge to Plaintiffs' capacity to litigate or to represent a putative class, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any such motion or challenge.

**IT IS SO ORDERED.**

Signed this 28th day of October, 2021

_____
J. PAUL OETKEN
United States District Judge