UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MEXICAN GOVERNMENT BONDS ANTITRUST LITIGATION | Master Docket No. 18-cv-02830 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF JPMORGAN CHASE & CO., JP MORGAN BROKER-DEALER HOLDINGS INC., J.P. MORGAN SECURITIES LLC, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, BANCO J.P. MORGAN, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, <u>J.P. MORGAN GRUPO FINANCIERO, AND J.P. MORGAN SECURITIES PLC</u>**

This matter came before the Court for a duly noticed hearing on October 28, 2021 (the "Fairness Hearing"), upon the Plaintiffs'[1] Motion for Final Approval of Settlement with JPMorgan Chase & Co., J.P. Morgan Broker-Dealer Holdings Inc., J.P. Morgan Securities LLC, JPMorgan Chase Bank, National Association, Banco J.P. Morgan, S.A. Institución de Banca Múltiple, J.P. Morgan Grupo Financiero, and J.P. Morgan Securities plc (collectively, the "Settling Defendants"), which was consented to by the Settling Defendants (together with Plaintiffs, the "Parties").  The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with the Settling Defendants entered into on March 27, 2020 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and that it has personal jurisdiction over the Plaintiffs, the Settling Defendants (in this Action only and for purposes of this Settlement only), and all members of the Settlement Class.

3. This Action, including each claim in this Action, is hereby dismissed with prejudice on the merits as to the Settling Defendants and without fees or costs.

---

[1] "Plaintiffs" are Oklahoma Firefighters Pension & Retirement System, Electrical Workers Pension Fund Local 103, I.B.E.W., Manhattan and Bronx Surface Transit Operating Authority Pension Plan, Metropolitan Transportation Authority Defined Benefit Pension Plan Master Trust, Boston Retirement System, Southeastern Pennsylvania Transportation Authority Pension Plan, United Food and Commercial Workers Union and Participating Food Industry Employer Tri-State Pension Fund, and Government Employees' Retirement System of the Virgin Islands.

4. Upon the Settlement Agreement becoming final in accordance with its terms, all of the following claims shall be released. Specifically:

(A) Upon the Effective Date, the Releasing Parties[2] shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims[3] against the Released Parties.[4]

(B) Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

---

[2] "Releasing Parties" means, individually and collectively, Plaintiffs and each Settling Class Member, on behalf of themselves and any of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, principals, members, participants, associates, trustees, beneficiaries, parents, subsidiaries, divisions, affiliates, and the heirs, executors, administrators, purchasers, predecessors, successors, and assigns of each of the foregoing, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund.

[3] "Released Claims" means any and all manner of claims, rights, demands, obligations, damages, actions or causes of action, cross-claims, counterclaims, judgments, suits, obligations, debts, setoffs, rights of recovery, charges or liabilities of any kind whatsoever (however denominated), of every nature and description, whether known or unknown, suspected or unsuspected, asserted or unasserted, whether class, derivative or individual, whether fixed or contingent, in law or in equity, whether arising under federal, state, common, statutory or foreign law or regulation (including FED. R. CIV. P. 11), whether directly, representatively, derivatively, or in any other capacity, which any member of the Settlement Class ever had, now have, or hereafter can, shall, or may have that arise out of or relate in any way to the acts, facts, statements, or omissions that were or could have been alleged or asserted by Plaintiffs or any member of the Settlement Class in the Action, including, but not limited to, any claims arising from or related to (a) any purported conspiracy, collusion, racketeering activity, or other improper conduct related to Mexican Government Bonds or Mexican Government Bond Transactions, (b) any alleged manipulation of the prices of Mexican Government Bonds or Mexican Government Bond Transactions, or (c) the sharing or exchange of customer information or confidential information, including, but not limited to, customer identity, trading patterns, net positions, or orders with respect to Mexican Government Bonds or Mexican Government Bond Transactions. For the avoidance of doubt, Released Claims do not include claims relating to enforcement of the Settlement and do not include claims arising under foreign law based solely on transactions executed entirely outside of the United States by members of the Settlement Class domiciled outside the United States.

[4] "Released Parties" or "Released Party" means Settling Defendants and each of their respective past and present direct and indirect corporate parents (including holding companies), subsidiaries, related entities, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, and successors, and each of their respective past or present officers, directors, partners, members, managers, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns of each of the foregoing.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

5. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to the Settling Defendants shall be final and entered forthwith.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2021.

_____
J. PAUL OETKEN
United States District Judge