**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ————————————————— X | |
| : | No. 1:18-cv-2830 |
| IN RE MEXICAN GOVERNMENT BONDS : | The Honorable J. Paul Oetken |
| ANTITRUST LITIGATION : | |
| : | |
| ————————————————— X | |

**STIPULATION AND PROTECTIVE ORDER**

Discovery requests and subpoenas served in the Action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), or other private or sensitive information (which shall be designated Confidential or Highly Confidential, as provided for below) for which special safeguarding and protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

**I.    DEFINITIONS**

1.1.    "Action" means the above-captioned action, and any and all cases consolidated with it.

1.2.    "Confidential Material" means any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes or reveals: (i) proprietary and/or competitive business information; or (ii) non-public personal, client, or customer information concerning individuals or other entities.

1.3.    "Counsel" (without qualifier) means Outside Counsel and In House Counsel.

1.4.    "Designating Party" means any Party or Non-Party that designates Discovery Material as Confidential or Highly Confidential.

1.5.    "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

1.6.    "Expert" and/or "Consultant" means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

1.7.    "Highly Confidential Material" means any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential," if the Producing Party reasonably and in good faith believes the Discovery Material contains: (i) trade secrets or other information that the Producing Party reasonably believes the unauthorized disclosure of which would create a substantial risk of competitive, commercial or financial harm to the Producing Party or its personnel, clients, customers, or others; or (ii) any non-public and highly sensitive personal, client, or customer information. Highly Confidential Material includes information of which applicable law—foreign or domestic—requires the equivalent of "Highly Confidential" treatment as set forth in this Order.

1.8.     "In House Counsel" means attorneys and other personnel employed by a Party or its affiliate to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with this Action.

1.9.     "Non-Party" means any natural person or entity that is not a Party to the Action.

1.10.     "Outside Counsel" means attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

1.11.     "Party" means any party to the Action.

1.12.     "Privileged Material" means Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable statute, law, regulation, privilege, or immunity from disclosure.

1.13.     "Producing Party" means any Party or Non-Party that produces Discovery Material in this Action.

1.14.     "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.15.     "Protected Material" means any Discovery Material that is designated as Confidential or Highly Confidential.

1.16.     "Receiving Party" means any Party or Non-Party that receives Discovery Material from a Producing Party.

## II.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise. Discovery Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement thereof, of this Action, and for no other purpose whatsoever.

## III.    DESIGNATING PROTECTED MATERIAL

3.1.    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in non-native documentary form (including imaged documents and transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential" to each page of the document and include the applicable designation in the metadata produced for such document.

(b)    For deposition transcripts and/or exhibits in this Action, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the

transcript are to be completed under Fed. R. Civ. P. 30(e).  Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order.  Alternatively, a Designating Party may specify at the deposition or up to thirty (30) days after the receipt of the final transcript that the entire transcript shall be treated as "Confidential" or "Highly Confidential."  The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Paragraph 3.2 (Inadvertent Failures to Designate).  If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

        (c)     For information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored, in any metadata accompanying the production, and/or in the electronic file name, in any suitable and readily viewable manner.  Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

        (d)     For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on the placeholder page.

(e)     For interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to production.

(f)     For reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the report.

(g)     For all other Discovery Material, by placing or affixing on each page of such material, a "Confidential" or "Highly Confidential" designation.

3.2.    <u>Inadvertent Failures to Designate</u>:  If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation.  Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.  If corrected, an inadvertent failure to designate qualified information or items as

"Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.  If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      3.3.    <u>Different Designations of Same Material</u>: In the event that more than one Designating Party designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall be treated as having the highest level of confidentiality designated by any Designating Party.

      3.4.    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>: Subject to the standards of Paragraph 3.1 and notwithstanding Paragraph 3.3, a Party may upward designate (i.e., change any Discovery Material produced without a designation of Confidential or Highly Confidential or change any Discovery Material produced as Confidential to a designation of Highly Confidential) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's own Highly Confidential Material or Confidential Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within sixty (60) days of production by the Producing Party. Failure to upward designate within sixty (60) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material or from moving the Court for such relief.  Any Party may

object to the upward designation of Discovery Material pursuant to the procedures set forth

in Section 4 regarding challenging designations.

## IV.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4.1.    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's

confidentiality designation, it must do so in good faith and must begin the process by notifying the

Designating Party in writing of its challenge and identifying the challenged material with as much

specificity as reasonably practical, including for example, by production number, and by providing

a basis for the challenge.  The objecting Party and the Designating Party shall, within ten (10) days

after service of the written objections, meet and confer concerning the objection, unless otherwise

agreed.

4.2.    <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a

confidentiality designation during the meet and confer process set forth in Paragraph 4.1, above,

the Party challenging the designation may seek relief within twenty-one (21) days of the initial

notice of challenge, or within fourteen (14) days of the parties agreeing that the meet and confer

process will not resolve their dispute, whichever is shorter, from the Court in accordance with its

rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's

designation.  In the event the Court rules that the challenged material's designation should be

changed, the Designating Party shall reproduce copies of all materials with their designations

removed or changed in accordance with the ruling within ten (10) days of the ruling.

## V.    ACCESS TO AND USE OF DISCOVERY MATERIAL

5.1.    <u>Permissible Uses of Discovery Material</u>: All persons obtaining access to Discovery

Material produced in connection with this action shall use such Discovery Material only for the

purpose of this litigation and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this action or in prior litigation. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

5.2.   Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)   the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)   in addition to In House Counsel, and to the extent that such disclosure is reasonably necessary for the Action, current officers, directors, or employees of each Receiving Party;

(c)   Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" ("Exhibit A"), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)   the Court and its personnel in this Action and any appellate court in this Action, subject to the requirements of Section 8, below;

(e)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(f)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)    the author, addressees, or recipients of the document, or any other natural person who Counsel has a good faith reasonable belief had reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)    in connection with their depositions or trial testimony, witnesses that do not fall within provision 5.2(g) and their counsel to whom disclosure is reasonably necessary in connection with this Action;

(i)    relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(j)    any other person agreed to by the Designating Party in writing; and

(k)      any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

5.3.    <u>Disclosure of Highly Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons and only made to the extent reasonably necessary to prosecute or defend this Action:

(a)      the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)      the Receiving Party's In House Counsel or other officer, director or employee tasked with monitoring the progress of this Action, to the extent the Highly Confidential Material is cited in or attached to court filings or drafts of court filings in this Action;

(c)      Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed Exhibit A, provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)      the Court and its personnel, subject to the requirements of Section 8, below;

(e)      special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(f)        court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)        the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; and (ii) the witness is explicitly informed by the disclosing Party's Outside Counsel that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)        relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed Exhibit A;

(i)        any other person agreed to by the Designating Party in writing; and

(j)        any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 14 below.

5.4.    <u>Standard of Care</u>: The Receiving Party shall maintain any Protected Material that is provided under the Protective Order in a secure and safe manner that ensures that access is limited to the persons authorized under this Protective Order.  The Receiving Party shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material, including the use of eDiscovery vendors or claims administrators capable of

complying with such laws to store such documents. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

5.5.    <u>Loss of Protected Material or Breach of Security</u>:  If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or authorized recipient shall : (i) promptly provide written notice to the Producing Party of such breach; (ii) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach; and (iii)  take all appropriate corrective actions to terminate the unauthorized access.

5.6.    <u>Compliance With and Retention of Exhibit A</u>:  Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above in any Section, shall be responsible for assuring compliance with the terms of this Order with respect to person to whom Protected Material is disclosed. Such Counsel shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make  them available to other Parties or the Court upon good cause shown.

5.7.    <u>Retention of Discovery Material</u>: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons who have been shown Discovery Material shall not retain copies thereof longer than reasonably necessary in light of the purposes set forth in Paragraph 5.1.

## VI.    UNAUTHORIZED DISCLOSURE

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, immediately, (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform

the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute Exhibit A.

## VII.    FILING PROTECTED MATERIAL

In the event that Counsel for any Party determines to file or submit in writing to the Clerk

of Court's office or file on ECF any Protected Material, or any papers containing or making

reference to the substance of such material or information, such documents or portions thereof

containing or making reference to such material or information shall be filed in redacted form or

under seal in accordance with the rules of the Court. Filing under seal shall be without prejudice

to any Party's right to argue to the Court that such document is not Confidential Material or Highly

Confidential Material and need not be preserved under seal.  Protected Material filed under seal

must be kept under seal until further order of the Court. Parties that file a pleading or other paper

that includes Protected Material under seal must also file on the public record a version of the

pleading or other paper from which the Protected Material has been redacted.

## VIII.    USE OF PROTECTED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Protected Material

during the trial of this Action. The use of Protected Material at trial shall not cause such Protected

Material to lose its status as Protected Material.

## IX.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN OR INDEPENDENTLY OWNED DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's,

Receiving Party's, or any other person's use of its own documents, including documents obtained

independently and lawfully from sources other than a Producing Party, nor shall it affect any

Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## X.    ASSERTIONS OF PRIVILEGE

10.1.    No Limitation on Right to Assert Privilege or Other Immunity from Discovery: This Protective Order shall be without prejudice to the right of any Party or non-party to bring before this Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in the Action, is subject to a valid claim of attorney-client privilege, work product protection, or any other privilege or protection, or whether any particular document or information should or should not be designated as Confidential Information or Highly Confidential Information for purposes of this Protective Order. Any Party's failure to object to any designation of information as being Confidential or Highly Confidential, shall not be construed as a waiver of any right and/or defenses of any Party (except solely as to a Designating Party's waiver to designate material pursuant to this Order as Confidential or Highly Confidential Information as otherwise set forth in this Order), including claiming that such information is not confidential and/or protectable by statutory or common-law privilege, or shall be construed in any manner as an admission by any Party that the Discovery Material subsequently designated or labeled by another Party and/or Non-Party as Confidential or Highly Confidential in fact contains Confidential Information or Highly Confidential Information.

## XI.    CLAW BACK OF PRIVILEGED MATERIAL

11.1.    The unintentional production of Discovery Material containing Privileged Material that has not been redacted shall not constitute a waiver of any privilege or protection from discovery in this case or in any other federal or state proceeding.  In order to claw back Privileged Material that was produced, the Producing Party must act promptly following the discovery of an unintentional production to provide notice in writing to the Receiving Party specifying the

production number of the Discovery Material it wishes to claw back, and the basis of the claim

that it is Privileged Material.

11.2.    Upon timely notice that a Producing Party wishes to claw back Discovery Material

protected as Privileged Material, the Receiving Party shall promptly return to the Producing Party

or destroy all summaries or copies of such Privileged Material, if destroying the documents, shall

certify that destruction to the Producing Party, and shall not use such items for any purpose until

further order of the Court or agreement of the parties.  In all events, such return, destruction, and

certification must occur within seven (7) days of receipt of the request, unless the Receiving Party

provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ.

P. 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain a copy (the

"Retained Copy") of the Discovery Material to prosecute its challenge to the assertion of

protection. Having provided a Challenge Notice, the Receiving Party must raise a challenge with

the Court within thirty (30) days of that Challenge Notice, or otherwise return or destroy the

Retained Copies within that period. Moreover, in the event a Challenge Notice is provided, the

Receiving Party shall make no use of the Discovery Material subject to the request for return until

the Challenge is resolved. However, the Receiving Party may request an extension of the deadline

for the return or destruction of Retained Copies, and such extension shall not be unreasonably

withheld. For the avoidance of doubt, nothing in this paragraph shall be construed as restricting

the right of any Party to challenge a claim of privilege at any time permissible under the Federal

Rules of Civil Procedure and other relevant laws after return or destruction of the Retained Copy.

Within twenty-one (21) days of the notification of the return or destruction of Privileged Material,

the Producing Party shall produce a privilege log with respect to the clawed back Privileged

Material.  Any motion to compel production by the Receiving Party shall not rely on any portion

of the document.  The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged or that such privilege has been waived; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced.  Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status.

11.3.    If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or other protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's protected status.  If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly protected document.    Immediately following the deposition, the Parties will commence the  procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Paragraph 10.1.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material.  If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Parties agree to meet and confer in good faith regarding any request by the deposing Party to depose the witness about the document.

11.4.    Consistent with Fed. R. Evid. 502(d), if a Party or Non-Party at any time notifies any other Party that it, for any reason, disclosed Discovery Material that is Privileged Material that is protected from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, consistent with Rule 502(d), shall not be deemed a waiver – in the Action or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

## XII.    ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice, provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Order.

## XIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

15.1.    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as

reasonably practicable, and in any event no later than ten (10) business days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

15.2.    The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

15.3.    In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.   To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.

15.4.    In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential Material.

15.5.    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The

Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

15.6.   In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## XIV.  DURATION OF ORDER/RETURN OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION

This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. All provisions of this Order restricting the use of "Confidential" and "Highly Confidential" information shall continue to be binding unless otherwise agreed or ordered by the Court. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party or as required by local data protection laws, within sixty (60) days after the final termination of this Action, including any appeals, each Receiving Party shall return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material. In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating that it has destroyed or returned the Confidential or Highly Confidential documents, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule, or regulation, or policies and procedures reasonably designed to ensure

compliance with such law, rule, or regulation, (ii) information saved on backup media in an electronically stored format, or (iii) information incorporated into any pleadings, motions, other Court filings, or work product. In that case, counsel of record shall continue to treat  the Confidential or Highly Confidential Discovery Material in accordance with this Order.

## XV.    AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

## XVI.   NON-PARTIES

18.1.    <u>Third-Party Discovery</u>: Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.  Any Non-Party producing Discovery Material or giving deposition testimony in this Action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

18.2.    <u>New Parties to This Action</u>: In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential Material produced by or obtained from any disclosing Party until the newly joined parties or their counsel endorse a copy of Exhibit A and file it with the Court.

## XVII.  JURISDICTION

The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XVIII. VIOLATIONS OF PROTECTIVE ORDER

In the event that any person or party should violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order.

## XIX.  EXECUTION

This Order may be executed in counterparts. This Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties, subject to any subsequent modifications if and when so-ordered by the Court.

Dated: April 7, 2025
New York, New York

**SO STIPULATED:**


**SO ORDERED** this 11th day of April, 2025:


_____
J. PAUL OETKEN
United States District Judge

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I, _____, have been informed that on the

_____ day of _____, 2025, the U.S. District Court for the Southern District of New

York  entered a Protective Order in the *In Re Mexican Government Bonds Antitrust Litigation*,

No. 1:18-cv-2830. I have read the Protective Order, I agree to abide by the obligations of the

protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S.

District Court for the Southern District of New York for purposes of any proceeding related to

the Protective Order, including my receipt  or  review  of  information  that  has  been

designated as "Confidential"  or  "Highly Confidential."


Printed Name: _____

Signature: _____

Signed in _____ on the _____ day of _____, 20\_\_\_.